## THE SOUTH CHICAGO CITY RAILWAY COMPANY
### v.
### ELLENA McDONALD.

*Opinion filed April 16, 1902.*

1. INSTRUCTIONS—*language of instruction construed.* An instruction holding that "the jury are the sole judges of the questions of fact in this case, and the court does not * * * intend to instruct the jury *how* they shall find any question of fact in this case," is not subject to the objection that the word "how" would lead the jury to believe they could decide the facts in any manner they saw fit, without reference to the instructions or the evidence.

2. EVIDENCE—*when denial of a motion to exclude evidence is proper.* In an action for personal injuries, the court's denial of defendant's motion to exclude all evidence relating to the ovarian and womb troubles of the plaintiff after the birth of her last child is proper, where the evidence tends to show that such conditions were the result of plaintiff's injuries.

*South Chicago City Ry. Co. v. McDonald,* 94 Ill. App. 612, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

CHARLES C. GILBERT, for appellant.

JAMES MAHER, (A. W. BROWNE, of counsel,) for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is an action brought in the circuit court of Cook county to recover for personal injuries alleged by the plaintiff to have been received by her on July 28, 1896, by reason of the negligent operation by the defendant of one of its street cars, near the intersection of One Hundred and Fourth street and Ewing avenue, in the city of Chicago. Her declaration is in a single count, and merely charges that she was a passenger upon a car of the defendant, and that as she, with due care, was about to

alight from the car, it was carelessly, etc., propelled and caused to be jerked, by means whereof she was thrown to the ground and injured, etc.

Plaintiff's evidence tended to prove that the car in question stopped at One Hundred and Fourth street, and that before it started again she attempted to alight therefrom, but that as she was in the act of doing so it was started with a jerk, and by reason thereof she was thrown to the ground and seriously injured. Upon a trial of the cause in the circuit court the jury returned a verdict in favor of appellee in the sum of $8500, upon which judgment was entered. Upon appeal the Appellate Court required appellee to remit $4000 and entered a judgment for the sum of $4500, and required the appellee to pay the costs in the Appellate Court, from which judgment appellant now appeals.

Two errors are urged in this court for reversal: First, the giving of appellee's instruction numbered 17, which is as follows: "The jury are instructed that they, the jury, are the sole judges of the questions of fact in this case, and the court does not, by any instructions given the jury in this case, intend to instruct the jury how they should find any question of fact in this case;" and second, the overruling by the court of the defendant's motion to strike out all evidence relating to ovarian and womb troubles of the plaintiff after September 28, 1896,—the date of the birth of plaintiff's last child,—which motion was based upon the want of connection thereof in any way with the matters complained of in the declaration.

The objection to the first of appellee's instructions is based on the word "how." It is urged that the word "how" would lead the jury to believe that they had a right to decide the facts in any manner that they saw fit, and that it vitiated all the instructions of the defendant wherein the jury were told that they could only find a verdict of guilty by the preponderance of the evidence, and unless they should likewise find that the plaintiff

used due care and was not guilty of contributory negligence; that they could not arbitrarily disregard the testimony of any witness, and that they could not allow themselves to be governed by sentiment, prejudice or sympathy in finding such facts, etc. We agree with the Appellate Court that this distinction of counsel is entirely too refined. It seems to us that the phrase "how they [the jury] should find any question of fact" was synonymous with and would be plainly understood to mean "at what conclusion they should arrive," and not the manner in which they should find any question of fact. While it is true that the instruction might be more accurately worded, we think that the plain meaning of it was as stated above.

The next objection of appellant, in regard to the exclusion of the evidence relating to the condition of appellee after the birth of her child, is not well founded. There is evidence in the record tending to show that appellee's present condition is a result of her injuries. Dr. Russell testified that he attributed appellee's present condition to the injuries that she received by being thrown from this car on July 28, 1896, and the great weight of the testimony is that prior to the injury the appellee was a perfectly well and healthy woman and that ever since that time her physical condition has been very bad. Appellee testified: "Prior to the injury I had the best of health all the time. I never knew what an ache or pain was, before. I did the washing, scrubbing, cooking, baking,—all the housework. Prior to the injury I think I weighed 205, and a year before that time my weight was from 180 to 187 pounds right along. My health since the time of the injury has been nothing but suffering. My weight since that time was 145 the last time I was weighed. I can't do anything in regard to heavy work now; just do some sewing, or do a little bit of cooking for me and the children, and little jobs like that around the house." Clearly, this was evidence to

be submitted to the jury as to whether or not her present condition is the result of the injuries received, and was a question of fact for the jury, and is not open to review in this court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*