## Chicago Union Traction Company v. Mrs. Toni Ertrachter.

### Gen. No. 12,813.

1. INSTRUCTION—*must not single out particular fact.* An instruction must not single out one particular fact and direct a verdict of not guilty if the preponderance of the testimony on that fact is not with the plaintiff.

2. INSTRUCTION—*must not ignore issue.* An instruction is properly refused which ignores one of the issues in the cause.

3. PERSONAL INJURIES—*how question of cause and extent of, to be determined.* The question whether the plaintiff suffered any injuries as the result of the negligence of the defendant, and, if so, what those injuries were, are questions of fact for the jury.

4. INCOMPETENT EVIDENCE—*effect of striking out after admission.* As a general proposition, the striking out of incompetent evidence after the same has been admitted cures the error in the admission.

5. CROSS-EXAMINATION—*scope proper as to impeaching witness.* It is proper for the court to allow considerable latitude in the cross-examination of an impeaching witness who is in the employ of the party calling him.

6. VERDICT—*when not excessive.* A verdict of $3,100 is held not excessive where it appeared that at the time of the accident the plaintiff was a married woman of about the age of forty-three years, was prior to the accident in good health and as a result of the accident had sustained injuries permanent in character from which she had suffered considerable pain and by reason of which her ability to work had become impaired.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed December 28, 1906.

**Statement by the Court.** This is an appeal from a judgment in an action on the case brought by appellee against appellant to recover damages for personal injuries.

On July 4, 1902, appellee with her three children were passengers on a west-bound street car on defendant's Twelfth street line in the city of Chicago. The western terminus of the line was Fortieth avenue. The car on which appellee was riding came to a stop about one-half block east of Fortieth avenue and before reaching the switch leading from the northerly or west-bound track to the southerly or east-bound track. After the car stopped and while the plaintiff was attempting to alight, the car was started and appellee was thrown to the ground.

The trial in the Circuit Court resulted in a judgment for $3,100 against the defendant.

JOHN A. ROSE and ALBERT M. CROSS, for appellant; W. W. GURLEY, of counsel.

WHITMAN & HORNER, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

A reversal of the judgment is sought upon several grounds. It is urged on behalf of appellant that the verdict is not supported by the evidence. The substantial controversy on this question is as to where

the plaintiff was when the car started. The plaintiff's contention is that it started just as she was in the act of alighting, with one foot upon the floor of the car and the other on the foot-board. The contention of the defendant is that the car stopped at the end of the line in a blockade of cars and that plaintiff sat quietly in the car during all the period of waiting—about five minutes—and that when the car started up she suddenly arose and sought to alight from the car while it was moving.

The testimony of the witnesses for the plaintiff, Edith Reh, a daughter of the plaintiff, who was with her mother at the time of the accident, Mrs. Ertrachter the plaintiff, Mrs. Ellison and Mrs. Wagner tends to show that the plaintiff with her three daughters were passengers on a west-bound car on the Twelfth street line of the defendant and that when the car, which was an open one, reached a point east of the switch track leading from the west-bound track to the south or east-bound track, its further progress was prevented by a number of cars ahead of it; that after the car stopped, and before it started again, the plaintiff and her children began to alight from the car. The eldest daughter, Edith Reh, left the car, and the plaintiff, standing on the car floor, handed the younger children to her and as she handed the youngest child down plaintiff put one foot on the foot-board. At about this point in the act of alighting the car started and plaintiff was thrown to the ground.

William B. Whitney, an assistant foreman of the defendant, was at that time in charge of the starting of the cars at Fortieth avenue. He testified that after the car in question had stood still three or four minutes, he motioned the motorman "to come ahead," and the motorman started the car; that at the time the car started the plaintiff was sitting in the seat; "that the plaintiff stepped off the car two or three or four seconds after the car started" and fell sideways. The conductor at the time the witness motioned for the

car to start was facing east, his back toward Fortieth avenue, taking his statement from the register. This was the only witness on behalf of the defendant who saw the car start. Mary McNulty and Annie McInerney, who were on the car at the time, testified that they heard plaintiff scream immediately after the car started.

This is the substance of all the testimony in the case which bears directly upon the question of the negligence of the defendant and the contributory negligence of the plaintiff. We think the verdict of the jury on this question is reasonably supported by the evidence and we ought not to disturb it.

The court refused to give the third instruction requested by the defendant. It was as follows:

3. "The burden of proof is not upon the defendant to show how the plaintiff came to fall. If the preponderance of the testimony does not show that she fell by reason of the car being suddenly and violently started, your verdict should be not guilty."

Appellant assigns error upon the refusal to give the instruction.

We think the instruction was properly refused. It singles out one fact and directs a verdict of not guilty if a preponderance of the testimony on that fact is not with the plaintiff. It directs a verdict without regard to the question of negligence, and therefore tenders to the jury a false issue. The first part of the instruction as to the burden of proof is correct. But the second part of the instruction under the declaration and the evidence is bad for the reasons given.

The second count of the declaration avers that "the defendant carelessly and negligently caused said last mentioned car to be started and moved, and thereby the plaintiff without any negligence on her part was then and there thrown with great force and violence from and off said car to and upon the ground," etc. Under this count the plaintiff was not required to prove by a preponderance of the evidence

"that she fell by reason of the car being suddenly and violently started," as stated in the instruction.

It is urged that the court erred in admitting evidence that plaintiff was delivered of a still-born child in January, 1903, and that she had a miscarriage in June, 1905. The contention is that although the court instructed the jury that the plaintiff could not recover anything, either because of the loss to her by reason of her child being born dead, or by reason of her miscarriage in June, 1905, but that her recovery, if from the evidence the jury found she was entitled to recover, must be confined to her personal injuries, if any, which she had suffered as the result of the negligence of the defendant averred in the declaration, the evidence being in the case, and of a character to appeal to the sympathies and prejudices of the jury, the error and the effect of admitting the evidence was not cured by the instruction.

At the conclusion of plaintiff's evidence counsel for defendant moved to strike out all the evidence relating to the still-born child and the miscarriage, upon the ground that the most that had been shown by the testimony was that there was a possibility that those things could have resulted from the accident, and that such evidence was too remote and speculative. The court overruled the motion.

The question whether plaintiff suffered any injuries as the result of the negligence of the defendant, and if so, what those injuries were, was a question of fact for the jury. Ill. Cent. R. R. Co. v. Smith, 208 Ill. 608, 617. In order to give the jury the basis in the evidence to determine those questions, testimony with regard to the plaintiff's condition both before and after the accident was competent and material; and it was for the jury to decide, under proper instructions, what ailments or pains were or were not caused by the accident. South Chicago Ry. Co. v. McDonald, 196 Ill. 203-205.

We are of opinion, therefore, that in admitting the

evidence and in denying the motions to exclude it the court did not commit reversible error.

It is contended that the court erred in permitting Dr. Grinker to testify over objections that the examination of the plaintiff made by him revealed the following: Pressure in the right hypocondriac region elicited a scream; pressure on the back of the head also elicited the same phenomenon; upon touching the patient's skin on both sides a comparison revealed to him that "the entire right side up to the wrist" was less sensitive to the touch than the left side, whereas the sensation in the palm of the right hand was greater; there was hyper-sensitiveness as compared with the left palm. He also mentioned wincing by the patient, and he finally wound up by saying that to get at these matters was "pretty difficult in nervous cases where we depend upon the patient's statement." The court then, with the consent of plaintiff's counsel, struck out the above testimony. The claim is that this testimony produced an impression on the minds of the jury which could not be removed by striking out the evidence, and that the admission of the evidence was reversible error.

We do not agree with counsel in this contention. It is not always practicable to ascertain precisely the ground or basis of a witness' testimony in advance. When it appeared that the testimony was founded upon the plaintiff's statement, it was properly stricken out. We must assume that the jury was of sufficient intelligence to understand the effect of excluding the testimony, and if so, appellant suffered no injury from the admission of the evidence.

While the court permitted counsel for plaintiff to cover a broad field of inquiry on the cross-examination of Gould, a witness for defendant and one of defendant's investigators, we think it was within the reasonable discretion of the court to permit the cross-examination. He was an impeaching witness,

and in the employ of defendant, and his activity and interest in behalf of the defendant, although it covered matters not material to the issues of the case, were proper facts to be considered by the jury in weighing his testimony.

On the question as to whether the damages awarded by the jury are excessive, we have examined the evidence with care. It appears that at the time of the accident appellee was a married woman about forty-three years of age. Before the accident she was in good health. The evidence tends to show that the results of the injuries she received have been very serious. Her health appears to be permanently impaired. She suffers severe pains most of the time. Her ability to work is seriously impaired. She is nervous and hysterical. She cannot walk any distance without suffering more or less pain as a consequence of the effort. The evidence is too voluminous upon this question for specific reference. We find no evidence of passion and prejudice or partiality on the part of the jury, and we cannot, in view of the evidence, hold that the damages assessed are excessive.

We find no reversible error in the record, and the judgment is affirmed.

*Affirmed.*