## THE CHICAGO UNION TRACTION COMPANY

*v.*

### MRS. TONI ERTRACHTER.

*Opinion filed June 19, 1907.*

1. INSTRUCTIONS—*when instruction requiring proof of certain fact is properly refused.* An instruction asked by the defendant, requiring the plaintiff to prove, as a condition to a recovery for a personal injury, that she fell "by reason of the car being suddenly and violently started," is properly refused, even though one count of the declaration made such allegation, where another count alleged that she fell because defendant "carelessly and negligently" caused the car "to be started and moved."

2. EVIDENCE.—*when answers of experts are not too conjectural to be admissible.* Answers of physicians testifying as experts in a personal injury case, to the effect that the happening of the accident set out in the declaration *could* or *might* have caused plaintiff's next child to be born dead, and also her subsequent miscarriage, are not too remote or conjectural to be admissible.

3. SAME—*physician may be asked, on cross-examination, to give names of medical authorities.* A physician who has testified as an expert in a personal injury case may be asked, on cross-examination, to state the names of medical authorities supporting a proposition concerning which he has testified.

4. TRIAL—*what is not an attempt to impeach witness on irrelevant matter.* In a personal injury case, where it is claimed that plaintiff's injury caused her next child to be stillborn, testimony by

a physician to the effect that he examined the child the day after its birth and that it was well developed and appeared to weigh about six pounds, is material, and an attempt to impeach the witness by showing he had made a contradictory statement to the plaintiff's counsel is not an attempt to impeach on an immaterial matter.

5. SAME—*practice of attorneys testifying is not approved.* The fact that the attorneys for the plaintiff in a personal injury case take the stand and testify that a certain medical witness for the defendant had offered to manufacture certain testimony, which fact had been denied by the witness on cross-examination, is not ground for reversal, but the practice of attorneys testifying in the case they are trying is not approved.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

JOHN A. ROSE, and ALBERT M. CROSS, (W. W. GURLEY, of counsel,) for appellant.

WHITMAN & HORNER, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming that of the circuit court of Cook county for $3100 in a case brought by appellee, against appellant, to recover damages for personal injuries.

July 4, 1902, appellee and three of her children were passengers on a west-bound street car on Twelfth street, in the city of Chicago. The car on which appellee was riding stopped about a half block east of its western terminus, Fortieth avenue, and before reaching the switch leading from the northerly or west-bound track to the southerly or east-bound track. It is claimed by appellant that the car was stopped further east than it otherwise would have been, because of a blockade of cars. Shortly after the car had so stopped appellee attempted to alight. Appellant contends that the car started before appellee attempted to get off and

that there is no testimony tending to show that the man in charge knew that she was going to try to alight, while, on the other hand, it is contended that before the car started up the oldest girl got off and that appellee had helped off the other two girls before she herself attempted to step off; that she then stepped down onto the running-board along the side of the car and was stepping from that when the car started, throwing her to the ground.

The evidence on this point was conflicting, and hence the judgment of the Appellate Court affirming that of the lower court is conclusive in this court on that question. This is admitted by counsel for appellant, but they contend that the evidence was extremely close, and therefore this court should scrutinize with great care the questions of law involved in the hearing. In discussing the questions of law raised we do not wish to be understood as admitting appellant's contention that on this question the evidence was close.

The first contention is, that the court erred in refusing for appellant instruction 3, which reads:

"The burden of proof is not upon the defendant to show how the plaintiff came to fall. If the preponderance of the testimony does not show that she fell by reason of the car being suddenly and violently started, your verdict should be not guilty."

Counsel urge that this court has frequently held that the plaintiff must recover, if at all, on the negligence charged in the declaration. This is undoubtedly the law. We can not, however, agree with their claim that this instruction sets out substantially the only negligence charged against appellant by the declaration. The first count in the declaration charges that appellant caused its said cars "to be suddenly and violently started," but the second count charges that "the defendant carelessly and negligently caused said last mentioned car to be started and moved," etc. There is nothing said in the second count about the car being *sud-*

*denly and violently started.* Under this count appellee was
not required to prove, by a preponderance of the evidence,
"that she fell by reason of the car being *suddenly* and *vio-
lently* started." By the very rule invoked by appellant this
instruction was properly refused.

It is further contended by appellant that the court im-
properly admitted evidence that appellee was delivered of a
still-born child in January, 1903, and had a miscarriage in
June, 1905. Counsel for appellant urge that this evidence
was in no way connected with the accident, and that after
the evidence was all in the trial court so concluded and gave
an instruction to the jury to disregard all this evidence.
That instruction reads:

"The plaintiff cannot recover anything in this case either
because of the loss to her by reason of her child being born
dead or by reason of her miscarriage in June, 1905, but her
recovery in this case, if you find, from the evidence, she is
entitled to recover, must be confined to her personal inju-
ries, if any shown by the evidence, which she has suffered
as the result of the negligence of the defendant as charged
in the plaintiff's declaration."

We do not understand from this that the court intended
to instruct the jury that all the evidence as to the still-born
child and the miscarriage was removed from their consid-
eration. The extent and nature of the injuries, if any, which
appellee suffered as a result of appellant's negligence were
questions of fact for the jury. All evidence that tended to
show that the child was still-born or that a miscarriage was
caused as a result of the negligence of the defendant, as
charged in the declaration, was properly admitted to the
jury. (*South Chicago City Railway Co.* v. *McDonald,* 196
Ill. 203; *Chicago Union Traction Co.* v. *May,* 221 id. 530.)
This instruction certainly states the law on this point in as
favorable terms to appellant as could reasonably be required.

Several physicians testified, for appellee, that the acci-
dent set out in the declaration *could* or *might* have caused

the still-birth of the child in 1903 and the miscarriage in 1905. Appellant insists that this evidence is too conjectural to be admitted; that such evidence must show with reasonable certainty what the consequences are,—not what might possibly follow. One of the physicians testified positively that in his judgment the accident caused the child to be still-born and the miscarriage. This answer was stricken out, on motion of appellant, as improperly invading the province of the jury. In making this motion appellant apparently cited, and the court in ruling relied on, *Illinois Central Railroad Co.* v. *Smith,* 208 Ill. 608. After this motion was allowed, appellant's counsel objected to questions being asked in the form that he had apparently contended for when he had obtained the court's ruling striking out the answer wherein the physician testified positively that in his judgment the accident caused the birth of the child still-born and the miscarriage. The decisions on this question are discussed at length and distinguished and the correct rule laid down in the recent case of *City of Chicago* v. *Didier,* 227 Ill. 571. We do not think on this record that the trial court committed reversible error in its rulings as to the questions asked of expert witnesses.

Contention is further made that the court erred in permitting Dr. Grinker to testify, over objections of appellant, that pressure in the right hypochondriac region or on the back of the head elicited a scream; that "upon touching the patient's skin on both sides a comparison revealed to me that the entire right side, up to the wrist, was less sensitive to the touch than the left side," whereas the sensation in the palm of the right hand was greater,—there was hyper-sensitiveness as compared with the left palm. The witness stated at the close of his evidence that to testify as to these matters without telling anything the patient said was "pretty difficult in nervous cases, where we depend so much upon the patient's statement." After this testimony was given, the court, with the consent of appellee's counsel, struck it out,

but it is urged that it produced such an impression upon the minds of the jury that its original admission was reversible error. Until the nature of the testimony was made apparent the court could not intelligently rule as to whether it was admissible. When it was found that the testimony was based on appellee's statement it was stricken out. We do not think the jury were misled in any way by this testimony.

Irving Gould, who testified for appellant, was one of its investigators. It is complained that the court allowed him to be cross-examined at great length as to the work he had done in other cases for appellant. The scope of this line of cross-examination is largely within the discretion of the trial court. We do not think in this instance the court abused that discretion.

Complaint is also made that Dr. Leeming, a witness for appellant, was asked what bearing excessive crying and worrying and trouble (which the evidence tended to show came from other causes than the accident) would have upon the plaintiff's condition after the accident, and whether it was sufficient to produce the death of the child in the uterus. An objection of appellee to this question was sustained. All the material parts of the question were asked and answered later on, so that if there was any error in the first ruling of the court appellant did not thereby suffer any injury. Counsel also claim that the court erred in allowing this witness to be asked to state the names of medical authorities in support of a proposition concerning which he testified. An expert witness may be cross-examined as to "the basis of his opinion, as to whether the authorities do not lay down a different doctrine, and the like." 2 Elliott on General Practice, sec. 652; see, also, *City of Bloomington v. Shrock,* 110 Ill. 219, and the authorities there cited.

Complaint is also made that in rebuttal for appellee expert witnesses were permitted to define medical terms touching upon evidence which was immaterial and irrelevant. It

is sufficient to say that we cannot see how appellant was injured in any manner by this testimony.

Dr. Braunstein testified, for appellant, that he visited the appellee the day after the birth of the still-born child, in 1903, and examined the child and the afterbirth, and that the child was well developed and seemed to weigh about six pounds. He was asked, on cross-examination, if he had not been to the office of appellee's counsel and there stated that in his opinion it would be necessary for the appellee, in order to recover for the child having been still-born, to manufacture some testimony. He admitted that he had stated something of that kind, but denied that he had stated that if it was made a sufficient object to him he would testify that the child was "only about three pounds in weight" when it was born. He also denied that during the same conversation he had stated that the child, when he saw it after its birth, weighed about four pounds. Counsel who asked these questions on cross-examination afterwards took the stand and testified that the doctor did make these statements to him in his office, in the presence of his law partner. The partner also testified to the same effect. It is urged by counsel for the appellant that the cross-examination on this question was improper, as the evidence was immaterial and irrelevant, and that therefore the attempt to impeach the witness on such points was error. From this record it is manifest that the evidence as to the child's weight, and whether it was well developed at birth, had a direct bearing on the question as to whether the accident caused it to be still-born. This evidence was relevant and material. While it was not reversible error, on the record in this case, to admit the impeaching testimony, this court has discountenanced and generally condemned the practice of attorneys testifying in a case in which they appear as counsel. *Wilkinson* v. *People*, 226 Ill. 135, and cases there cited.

Finding no reversible error in the record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*