**John Marchese, Appellee, v. The Aurora, Elgin & Chicago Railroad Company, Appellant.**

**Gen. No. 14,970.**

1. VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

2. INSTRUCTIONS—*when as to determination of facts not erroneous.* An instruction on this subject as follows approved:

"The jury are instructed that they, under the instructions of the court,

and from the evidence are the sole judges of all the questions of fact
in this case, and the court does not by any instruction given to the jury
in this case, intend to instruct or indicate to the jury how they should
find any question of fact."

3. INSTRUCTIONS—*when refusal will not reverse.* The action of
the court in refusing a mere cautionary instruction not applicable to
the evidence in the case will not reverse.

Action in case for personal injuries. Appeal from the Superior Court
of Cook county; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard
in the Branch Appellate Court at the October term, 1908. Affirmed.
Opinion filed June 3, 1910.

HOPKINS, PEFFERS & HOPKINS, for appellant.

CHARLES M. FOELL and EARL J. WALKER, for appellee.

MR. JUSTICE MACK delivered the opinion of the court.

This is an action on the case to recover damages for per-
sonal injuries sustained by appellee while a passenger on an
interurban train operated by appellant.

The accident happened at the Lombard station on appel-
lant's line, between 9 and 10 o'clock P. M., on August 19,
1906. Appellee boarded the train at the Fifth avenue sta-
tion in Chicago with the intention of getting off at Lombard,
which was about one hour's ride west of Chicago. He sat
in the smoking compartment on the west end of the first car
of the train, on the south side of the car and in the first seat
facing west. His ticket to *Lombard* was accepted by the con-
ductor in charge of the car.

There are three stations in Lombard, East Lombard, Lom-
bard proper, where this accident happened, and West Lom-
bard. All tickets sold for these three stations read to "Lom-
bard." East Lombard and West Lombard are flag stations
and after the train leaves Lombard passengers desiring to
get off at West Lombard, 2,000 feet distant, frequently get
up and start for the rear of the car to be ready to get off when
the car stops.

The train in question reached Lombard at 9:31 P. M., and

stopped for a length of time estimated at from one minute to five minutes.

Appellee's version of the facts is that when the train reached Lombard the conductor called out the station, the car came to a stop, appellee, who was in his shirt sleeves, put his coat on his arm, walked briskly through the car to the rear platform, passed by the conductor, who was on the platform, down the steps and was just about to step to the station platform when the car suddenly started forward and he was thrown down, sustaining injuries.

Appellant contends that appellee had been sleeping; that the car had started slowly after leaving Lombard station when appellee, discovering this, rushed through the car, past the conductor who endeavored to check him, pulling the bell at the same time to stop the car, and jumped off while the car was moving.

Each of the parties is supported by several credible disinterested witnesses. We have carefully examined their testimony and are unable to say, despite the numerical majority in favor of appellant, that the verdict for the plaintiff is against the clear preponderance of the evidence.

Complaint is made of the following instruction:

"The jury are instructed that they, under the instructions of the court and from the evidence, are the sole judges of all the questions of fact in this case, and the court does not by any instruction given to the jury in this case, intend to instruct or indicate to the jury how they should find any question of fact."

The instruction held erroneous in C., B. & Q. R. R. Co. v. Greenfield, 53 Ill. App. 424, a case relied upon by appellant, reads:

"The jury are instructed that the questions of care or want of care, and the negligence or want of negligence of the defendant and of the deceased, are questions of fact for the jury to decide under all the evidence in the case and all facts and circumstances as shown by the evidence."

The court said of this instruction:

"It is true that the questions whether the deceased exer-cised ordinary care and whether the defendant was negli-gent, were questions of fact to be decided by the jury in the case, but they were to be decided under the guidance of the court in its instructions according to the established rules of law regulating the rights and duties of the parties and de-fining care and negligence."

The instruction in the present case does not make the jury the sole judges of the facts independent of the guidance of the court, but only "under the instructions of the court." See too South Chicago Ry. Co. v. McDonald, 196 Ill. 203.

The refusal to give an instruction reading:

"The court instructs the jury that if you believe that any witness in this case has testified to any matters which the physical facts in evidence render impossible to be true, that then such testimony may be disregarded by you,"

is also complained of.

As we view the testimony, this instruction was not appli-cable to the evidence in this case, and it is at the best caution-ary.

As we find no reversible error, the judgment will be af-firmed.

*Affirmed.*