Mary Strzelecki, Administratrix, and Harold Novak, Co-administrator of Estate of Theodore Strzelecki, Deceased, Appellants, v. The Fair et al., Appellees.

Gen. No. 40,277.

Opinion filed February 27, 1939.

ALFRED M. LOESER, of Chicago, for appellants.

DAVID & FAINMAN, of Chicago, for certain appellees; SIGMUND W. DAVID and WILLIAM J. LEDERER, of Chicago, of counsel.

ROBERTSON, CROWE & SPENCE, of Chicago, for certain other appellee; BURT A. CROWE, of counsel.

Mr. Presiding Justice McSurely delivered the opinion of the court.

Plaintiffs appeal from an order of the trial court dismissing the suit on the ground of the alleged perjury of a witness.

Plaintiffs' complaint alleged that on September 16, 1936, the deceased, Theodore Strzelecki, became ill and died through eating tainted and spoiled sausage purchased from the defendants or one of them; the case was called for trial before the Honorable William F. Borders of the city of East St. Louis, at that time sitting in the circuit court of Cook county, and a jury of twelve men.

Mary Strzelecki, a Polish woman, is the widow of the deceased and can neither read nor write English or Polish and was testifying through the aid of an interpreter; she was the second witness for plaintiffs; on cross-examination she was handed the petition giving leave to her to sue as a pauper, and also the complaint in the case, both of these purporting to be signed by her; she was asked if these signatures were made by her and after some uncertainty on her part she testified that they were not; plaintiffs' attorney admitted they were her signatures; defendants' counsel moved that the case be dismissed; the attorney for plaintiffs offered to show by the notaries who attested the signatures that plaintiff had in fact signed the documents; the court, however, peremptorily ordered the case dismissed, saying it was "not going to tolerate this flagrant perjury—whether in foreigners or Americans. . . . Now as a reward for her perjury and false testimony the court will grant this motion (to dismiss) and hereafter when she or anybody else is in court, let them have some regard for the truth."

Plaintiffs' attorney objected and asked leave to be permitted to produce other witnesses to support the complaint, including medical testimony; this was denied and the order of dismissal was entered.

Subsequently counsel for plaintiffs made a motion to vacate the order of dismissal; this was supported by the affidavit of Mary Strzelecki to the effect that she had been on the witness stand for an hour and forty-five minutes when she was questioned as to her signatures; that she had never been in court as a witness before and became bewildered; that what she intended to say was that she did not know whether they contained her signatures; the documents were never read over to her and she does not read or write either English or Polish but merely knows how to form the letters constituting her name; that she answered ''No'' to the inquiry because of her confusion and bewilderment; that she has since ascertained and verified the fact that the documents were signed and executed by her.

Alfred M. Loeser, attorney for plaintiffs, made affidavit that he prepared the petition to sue as a pauper, that he saw Mary Strzelecki sign the petition, that he also prepared the complaint filed in this case and saw Mrs. Strzelecki sign it in his office; that at his request Jacob Kaplan administered the oath in the pauper's petition and affixed his notarial seal and signature; that Elizabeth Moran, a notary public, administered the oath to Mary Strzelecki, in which she acknowledged her signature to the complaint; Elizabeth Moran also made affidavit to the same effect, as did Jacob Kaplan. It was thus established beyond any doubt that Mary Strzelecki had signed the instruments in question.

The court, however, denied the motion to vacate the order dismissing the suit and at the same time made rather a lengthy statement, stating that the proof presented by plaintiffs was entirely without merit and based upon perjury, with the further statement that ''Those of foreign birth should be taught to appreciate that the administration of justice in our courts is a serious matter.'' The court also said, ''This incredible, inconsistent and ridiculous testimony presented on be-

half of the plaintiff was an insult to the intelligence of the twelve men sitting in the jury box.''

The action of the trial judge in dismissing plaintiffs' suit was a peremptory direction to the jury to find for the defendants before plaintiffs had introduced all their evidence, and despite the fact that their counsel was offering to introduce other and material evidence in support of his claim. This action of the trial court was reversible error. *Donnelly v. Chicago City Ry. Co.*, 235 Ill. 35. The court also was in error in denying the subsequent motion to vacate this order. The authenticity of the signatures was established beyond a doubt and the motion to dismiss should have been vacated promptly.

In *North American Fire Ins. Co. v. Throop*, 22 Mich. 146, Mr. Justice Cooley comments at some length on the probabilities of one being able to identify his own signature. He said that a large proportion of people are unable to express an opinion whether an isolated signature is theirs or not; that showing the witness a signature alone, without calling his attention to all the circumstances and surroundings, is not a reasonable mode of arriving at the truth. This statement would meet with the approval of any experienced and thoughtful person. It could not be a reasonable mode of arriving at the truth to ask a witness to identify her signature attached to a document which the witness is unable to read and could hardly understand even if it were translated to her.

Able counsel for the defendants present arguments tending to discredit any merit in plaintiffs' case, but that question is not before us. Plaintiffs are entitled to present all material evidence to support their claim.

For the reason above indicated the judgment is reversed and the cause is remanded for a trial.

*Reversed and remanded.*

MATCHETT and O'CONNOR, JJ., concur.