CHICAGO AND MILWAUKEE ELECTRIC RAILWAY COMPANY

*v.*

PAULA F. ULLRICH.

*Opinion filed December 22, 1904.*

1. INSTRUCTIONS—*effect of the Supreme Court's approval of an instruction.* A decision of the Supreme Court approving an instruction must be regarded only as deciding that the instruction is not subject to the objections urged against it in the particular case.

2. DAMAGES—*plaintiff in a personal injury case may recover future damages.* An action for personal injury being for a single wrong, the plaintiff is entitled to recover all damages, present or prospective, which necessarily result from the injury; and a part of such damages are future pain and suffering and inability to labor.

3. SAME—*evidence must show that future damages are reasonably certain to result.* An assessment of prospective damages in a personal injury case must be based upon evidence showing that it is reasonably certain the plaintiff will suffer such damages, and the nature and extent thereof.

4. INSTRUCTIONS—*when instruction as to future damages is not objectionable.* An instruction allowing the jury to give the plaintiff damages for "such future suffering and loss of health, if any, as the jury may believe, from the evidence before them in this case," she will sustain by reason of such injuries, is not objection-able as allowing the jury to consider speculative damages.

5. TRIAL—*when question of future damages is properly left to the jury.* If the evidence in a personal injury case shows that the plaintiff has not recovered from her injuries, the question of how long and to what extent she will suffer in the future is a question necessarily left to the jury, to be determined from the evidence.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN L. HEALY, Judge, presiding.

FAYETTE S. MUNRO, (M. F. GALLAGHER, of counsel,) for appellant.

JAMES J. BARBOUR, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Appellate Court for the First District affirmed a judgment recovered by appellee in the circuit court of Cook county against appellant for damages on account of personal injuries received in a collision between two cars of appellant, in one of which she was riding as a passenger.

The only error alleged by counsel is the giving to the jury of the following instruction at the request of plaintiff:

"The court instructs the jury that if you find for the plaintiff you will be required to determine the amount of her damages. In determining the amount of damages the plaintiff is entitled to recover in this case, if any, the jury have a right to, and they should, take into consideration all the facts and circumstances as proven by the evidence before them; the nature and extent of plaintiff's physical injuries and resulting from the street car collision in question, if any, so far as the same are shown by the evidence; her suffering in body and mind, if any, resulting from such physical injuries, and such future suffering and loss of health, if any, as the jury may believe, from the evidence before them in this case, she has sustained or will sustain by reason of such inju-

ries; her loss of time and inability to work, if any, on account of such injuries; and may find for her such sum as in the judgment of the jury, under the evidence and instructions of the court in this case, will be a fair compensation for the injuries she has sustained or will sustain, if any, so far as such damages and injuries, if any, are claimed and alleged in the declaration."

The objections to the instruction are, first, that it did not correctly state the law as to future damages; second, that it was improper to give it because there was no evidence upon which to base it.

It is acknowledged that future damages may properly be assessed where the evidence shows that they are reasonably certain to result from the injury. The action being for a single wrong, the plaintiff is entitled to recover all damages, present or prospective, which necessarily result from the injury, and a part of such damages are future pain and suffering and inability to labor. The evidence must show that it is reasonably certain the plaintiff will suffer such damages and the nature and extent thereof, and the assessment of damages must be based upon such evidence. The first objection to the instruction is, that it did not limit the jury to such future damages as the evidence showed were reasonably certain to result from the accident, but permitted them to speculate as to such damages and to consider merely possible or probable damages. The reply of counsel for appellee to this argument is, that the court has repeatedly approved of this instruction as a correct statement of the law. It is true that substantially the same instruction has been before the court in different cases where various objections to it were considered, but the particular objection now presented has not heretofore been made. Objections not made and questions not raised are not considered, and each decision must be regarded only as deciding the question presented for decision. We do not think, however, that the instruction is subject to the objection now made. A plaintiff cannot recover

damages for future suffering which is not reasonably certain to result from his injury. (13 Cyc. 138-144.) A mere possibility, or even a reasonable probability, that future pain or suffering may be caused by the injury, or that some disability will result therefrom, is not sufficient to warrant an assessment of damages. But we do not understand that this instruction authorized the jury to allow such damages. The damages are to be such as the jury believe, from the evidence, the plaintiff will sustain,—not such as are possible or probable. If the evidence shows that the plaintiff will sustain damages in the future they may properly be allowed, and that is the purport of the instruction.

The second objection is, that there was no evidence that it was reasonably certain that the plaintiff would suffer in the future in mind or body. The evidence was conclusive that at the time of the trial she had not recovered from her injuries, and it necessarily followed that there would be future damages to some extent. The only debatable question was as to how long and to what extent she would suffer in the future, and that question was necessarily left to the jury to be determined from the evidence. There was evidence on which to base the instruction, and the case was not like that of *Illinois Iron and Metal Co.* v. *Weber,* 196 Ill. 526, where the jury were authorized, by an instruction, to speculate on the possibility of damages being suffered six years after the trial, without any evidence that such a result was even probable.

Appellee's counsel asks us to award damages to her on the ground that the appeal was taken merely for delay. A similar motion was made and denied in the Appellate Court, and we are not satisfied that the purpose of the appeal was delay. The motion is therefore denied.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*