JOHN DONNELLY, Appellee, *vs.* THE CHICAGO CITY RAIL-
WAY COMPANY, Appellant.

*Opinion filed June 18, 1908.*

1. APPEALS AND ERRORS—*Supreme Court has nothing to do with
weight of evidence.* In determining whether the trial court erred in
denying a motion to direct a verdict for the defendant, the Supreme
Court has nothing to do with the question of the weight or pre-
ponderance of the evidence tending to support the plaintiff's case.

2. EVIDENCE—*physician may testify that first dislocation would
predispose to later ones.* Where the plaintiff has proved, without
dispute, that his shoulder was dislocated in the accident involved in
pute, that his shoulder was dislocated in the accident involved in
his suit for damages, and that it has been twice dislocated since the
accident under circumstances detailed, a qualified physician may
testify, in answer to an hypothetical question embracing those facts,
that the first dislocation created a predisposition to others.

3. NEGLIGENCE—*it is not negligence per se to attempt to board
moving street car.* It is not negligence *per se* to attempt to board
a moving street car, and that question should be submitted to the
jury as one of fact under the facts and circumstances proven.

APPEAL from the Appellate Court for the First Dis-
trict;—heard in that court on appeal from the Circuit Court
of Cook county; the Hon. JOHN GIBBONS, Judge, pre-
siding.

WILLIAM J. HYNES, JAMES G. CONDON, and WATSON J.
FERRY, for appellant.

RUSSELL M. WING, FRED M. WING, and FRED W.
BENTLEY, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action by appellee, against appellant, to re-
cover damages for personal injuries alleged to have been
received February 4, 1903, while he was attempting to board
an electric street car on appellant's Thirty-ninth street line,
in the city of Chicago. At the conclusion of the plaintiff's

evidence, and again at the conclusion of all the evidence, defendant filed a written motion requesting the court to give the jury an instruction to find for the defendant. Both motions were denied and exceptions preserved. The jury returned a verdict of $2000 in favor of appellee. After motion for new trial had been filed by appellant, appellee remitted $500 and judgment was entered for $1500 and costs. On appeal this judgment was affirmed in the Appellate Court, and the cause was then appealed to this court.

The testimony of appellee and his brother-in-law was to the effect that when the car coming from the east reached the west side of Elmwood avenue and Thirty-ninth street it stopped for an instant in response to a signal of appellee, and thereupon appellee with his left hand took hold of the rod on the back part of the car, and as he did so the car started forward with a jerk and he was thrown behind the car and his right shoulder dislocated. Testimony offered on behalf of appellant was to the effect that appellee attempted to board the car while it was in motion and in so doing was injured.

Appellant argues at length in regard to the preponderance of the evidence as to how the accident was caused. Plainly there was evidence in this record which tended to support the plaintiff's cause of action, and it was therefore the duty of the court to submit the cause to the jury. As the record stands we have nothing to do with the weight of the evidence or its preponderance. *Chicago City Railway Co.* v. *Martensen,* 198 Ill. 511; *Alexander* v. *Loeb,* 230 id. 454.

Appellee testified, over objection, that after the accident here in question dislocating his shoulder the same shoulder had been twice thereafter dislocated. He stated that the first of these subsequent accidents occurred when he was standing in a farm wagon, throwing out some straw; that the horses made a quick move, and to prevent himself from falling from the wagon he grabbed a board, dislocating his shoulder thereby. He stated that the second dislocation

occurred while he was driving a colt after its mother, to change stalls in a barn; that the colt objected to going up a bridge into the barn, and as he threw up his right arm quickly to scare the colt, the arm went out of its socket again. A physician was called as an expert witness and asked a hypothetical question which fairly included the facts connected with the original and first subsequent dislocations of the shoulder, the question concluding: "Are you able to form an opinion from these supposed facts as to whether there was any connection between the first and this second dislocation?" His answer was that in his opinion "the first dislocation would predispose to a second." In answer to a second hypothetical question as to the third dislocation his answer was: "There was the same relationship as previously mentioned. A predisposition had been created to dislocation." It is earnestly urged that this testimony of the physician was so uncertain and conjectural that it should not have been admitted in evidence.

All the evidence which tended to show that the second and third dislocations were the result of the first accident was properly admitted. (*Chicago Union Traction Co.* v. *Ertrachter,* 228 Ill. 114.) This court has held that whether a miscarriage was caused by an injury alleged in the declaration was a question of fact for the jury. (*Chicago City Railway Co.* v. *Cooney,* 196 Ill. 466.) A jury may draw inferences from the facts proved, because in many cases the main fact in issue can be proved in no other way, yet they cannot act on mere conjecture or speculation. (*Littlehale* v. *Osgood,* 161 Mass. 340.) Damages can only be recovered for future disability when it is reasonably certain that it was the result of the alleged injury. (*City of Chicago* v. *Jarvis,* 226 Ill. 614.) The testimony of a surgeon is admissible to prove the nature of the injury and its effects, but he cannot base it merely on speculative data. (1 Wharton on Evidence,—3d ed.—sec. 441.) In *Crites* v. *City of New Richmond,* 98 Wis. 55, the court held that it was com-

petent for a physician to testify, where a person had sprained and fractured his limb by falling through a sidewalk, that the weakened condition of the limb from such an injury remained usually for a considerable length of time and that the joint would afterwards be more liable to injury than a healthy joint. The opinion of a medical man is admissible upon the effect of an injury. Lawson on Expert and Opinion Evidence,—2d ed.—p. 127, and cases cited.

Appellant places great stress upon the case of *Strohm* v. *New York, Lake Erie and Western Railroad Co.* 96 N. Y. 305. That court, in discussing the decision in question in the later case of *McClain* v. *Brooklyn City Railway Co.* 116 N. Y. 451, held that opinions of medical experts that an injury received was the cause of the condition of the person injured, and that certain consequences in relation to his physical health and condition would follow as the result of the injury, were competent evidence; that evidence of that character is dependent upon the opinions of such experts; that it may not be, and ordinarily is not, susceptible of absolute certainty, and the judgment of such experts as to the probable consequences comes within the rule of reasonable certainty, and therefore of admissibility.

This court held in *City of Chicago* v. *Didier, 227* Ill. 571, that if there was no dispute as to how the injury was caused, medical experts could testify as to whether certain physical conditions were the result of the injury. There is no question made as to the qualification of the doctor here in question. The evidence is uncontroverted that the original dislocation was caused by appellee being thrown when attempting to get on a car and that previous to this accident he had never had any trouble with his shoulder or arm. The question whether this dislocation would have a tendency to predispose the shoulder to a second dislocation was a proper subject for expert testimony. We think it was correct practice for the court to permit appellee to prove the facts with reference to these subsequent dislocations and

submit the question of their cause, as one of fact, to the jury, under proper instructions, as was done here. *Chicago Union Traction Co.* v. *May,* 221 Ill. 530.

It is also urged that the court erred in refusing two instructions offered by appellant which referred to the question of the contributory negligence or lack of care of the appellee in attempting to step onto the car. We think these instructions are fairly open to the criticism that if they had been given the jury might have been misled into believing that the court thought it was negligence *per se* for appellee to attempt to board a car while it was moving. The question whether boarding a car in motion is or is not negligence is a question of fact to be submitted to the jury. (*Chicago Union Traction Co.* v. *Lundahl,* 215 Ill. 289.) Even if it be conceded that these instructions were drawn in proper form, we do not think on this record there was any error in refusing them. No instructions were asked or given for appellee. The court, at the request of appellant, gave twenty-nine instructions and refused the two above mentioned and three others. On the subject of the care necessary to be used by appellee at the time of the accident the court gave seven instructions, and while it is true, as contended by appellant, that some, and perhaps all, of these seven are more general in form than the two refused, they fairly covered the question, and we do not think it was possible for the jury to have been misled as to the care required by appellee in boarding the car while it was in motion. The practice of asking such a great number of instructions in a case such as this is not to be commended. It would have a tendency to mislead, rather than assist, the jury.

Complaint is also made of certain remarks in the closing argument of appellee's counsel. This question is one which must be entrusted very largely to the discretion of the presiding judge. (*Gallagher* v. *People,* 211 Ill. 158.) Necessarily some latitude of discussion, if based on the evidence, must be allowed counsel. We have examined the evidence

under discussion by appellee's attorney in connection with his remarks, and we cannot say they are so foreign to the issue as to mislead or prejudice the jury.

We find no reversible error in the record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*