# CHESAPEAKE & OHIO RAILWAY COMPANY *v.* CARNAHAN.

ERROR TO THE SUPREME COURT OF APPEALS OF THE STATE OF VIRGINIA.

No. 743.   Argued April 19, 20, 1916.—Decided May 22, 1916.

*Minneapolis & St. Louis R. R.* v. *Bombolis, ante,* p. 211, followed to effect that the contention that in trial of cases under the Employers' Liability Act the parties are entitled under the Seventh Amendment to a common-law jury of twelve men is untenable.

When the evidence shows that there will be future effects from an injury, an instruction which justifies their inclusion in the award for damages is not error.

Where the court explicitly enjoins the jury that there must be a proximate and causal relation between the damages and the negligence of the defendant and refers to the amount stated in the declaration as a limitation on the amount that can be awarded, and there is no misunderstanding as to the purpose of such reference, there is no error.

THE facts, which involve the validity of a verdict and judgment for personal injuries under the Employers' Liability Act, are stated in the opinion.

*Mr. David H. Leake*, with whom *Mr. Walter Leake* was on the brief, for the plaintiff in error.[1]

*Mr. C. W. Allen* and *Mr. H. W. Walsh* filed a brief for defendant in error.[1]

MR. JUSTICE McKENNA delivered the opinion of the court.

Error to review a judgment in favor of defendant in error for $25,000 damages for injuries sustained through the asserted negligence of plaintiff in error.

The action was at law under the Employers' Liability Act of Congress. April 22, 1908, c. 149, 35 Stat. 65; April 5, 1910, c. 143, 36 Stat. 291. In accordance with the state law it was tried to a jury of seven. This is assigned as error. The only other assignment is upon an instruction of the court as to the elements of damage. There is no dispute as to the fact of injury or that it was received in interstate commerce and by the negligence of plaintiff in error.

(1) The first assignment of error is based upon a challenge by the railway company to the array of jurors on the ground that the jury was not summoned, selected, formed and constituted as provided by the Constitution of the United States. In other words, the contention is "that in the trial of cases under the Employers' Liability Act of Congress the parties are entitled to a common-law jury of twelve men, as provided for by the Seventh Amendment to the Constitution of the United States."

The assignment is without foundation. *Minn. & St. Louis R. R.* v. *Bombolis*, decided this day *ante*, p. 211.

---

[1] See note on p. 212, *ante*.

(2) The instruction which is the basis of the second assignment of error is as follows:

"The court instructs the jury that if they believe from a preponderance of the evidence that the defendant is liable to the plaintiff in this action, then in assessing damages against the defendant, they may take into consideration the pain and suffering of the plaintiff, his mental anguish, the bodily injury sustained by him, his pecuniary loss, his loss of power and capacity for work and its effect upon his future, not however, in excess of $35,000.00, as to them may seem just and fair."

It is objected (a) that the instruction permitted a recovery in damages not only for those which proximately resulted from the injury but also for "its effects upon the future," which involved a consideration of consequences which might be essentially speculative and remote. (b) The instruction directed the jury that the damages might be in such sum not in excess of $35,000 as to them might seem just and fair. By the instruction the court called the attention of the jury to a certain sum and gave judicial approval of it, giving them to understand that they could give such sum as they might deem just and fair, without regard to the damages the evidence might prove.

The injury received is pertinent to the consideration of the instruction. In the collision of two trains defendant in error, who was a fireman, "was caught" (we quote from the opinion of the Supreme Court) "from his knee of his right leg down, between the tank on the tender and the boiler head in the cab of his engine, and remained pinned in that position for forty-five or fifty minutes before he was extricated by the efforts of his fellow workmen. His leg was so badly mashed and burned that it eventually had to be amputated at a point between the knee and the thigh, and it is for these injuries and his consequent sufferings that he sues to recover damages."

The Supreme Court expressed the view that the speculation of future results which the railway company professed to apprehend was not left by the instruction for the jury to indulge, nor did the instruction commit the amount of damages to the conjecture of the jury independently of the evidence in the case. The contention made here was explicitly rejected, viz., that the instruction permitted the jury to take into consideration the "'possible future physical effects from the injury, such as future suffering in the absence of evidence as to the probability of such.'" The court remarked that it would be a strained construction of the language of the instruction "to hold that it referred to future suffering and that damages not the proximate result of the injuries received were included under" it, and that, besides, such conclusion was precluded by an instruction given at the request of the railway company, which was "that in order for the plaintiff to recover in this case he must prove by a preponderance of the evidence that the injuries he sustained were the direct and proximate result of the negligence of the defendant."

The comment of the court is accurate and we can add nothing to it. The principle is established that when the evidence in a case shows that there will be future effects from an injury an instruction which justifies an inclusion of them in an award of damages is not error. *Washington & Georgetown R. R.* v. *Harmon,* 147 U. S. 571; *McDermott* v. *Severe,* 202 U. S. 600.

It is also objected that the instruction "allowed the jury to indulge in speculation and conjecture; invited their attention to the sum of $35,000 and allowed the jury to give such sum as damages as to them might 'seem just and fair' without stating that the damages could be only such as were proved by the evidence to have proximately resulted from the negligent act complained of."

The objection is untenable. As we have seen the court

explicitly enjoined upon the jury that there must be a proximate and causal relation between the damages and the negligence of the company and the reference to the sum of $35,000 was a limitation of the amount stated in the declaration. There could have been no misunderstanding of the purpose of the instruction. *Norfolk & West. R. R.* v. *Earnest,* 229 U. S. 114, 119.

*Judgment affirmed.*