(No. 35991.—

The People of the State of Illinois, Defendant in Error, *vs.* Pete Hayes, Plaintiff in Error.

*Opinion filed January 23, 1962.*

ROBERT M. HORWITCH, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER and DEAN H. BILTON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Pete Hayes, referred to herein as the defendant, was tried by jury in the criminal court of Cook County and convicted of the crime of murder. A writ of error has issued to review the judgment of conviction.

The defendant's principal contention is that he was not tried within four months after his confinement on the murder charge. It appears that the defendant was arrested in the State of Mississippi on either May 27, 1959, or June 3, 1959, there being some conflict in the evidence on this point. The record is clear, however, that the defendant was not returned to Illinois until July 28. The first question to be determined is whether the four-months period provided by

the statute commenced to run with the defendant's arrest in Mississippi, or when he was returned to Illinois. The identical question was considered in *People* v. *Tamborski,* 415 Ill. 466. In that case, the defendant surrendered to the authorities in Alaska on August 19 and was returned to Illinois and committed to jail on September 2. We held that the four-months period commenced to run on September 2. In the present case, therefore, the four-months period commenced on July 28, 1959, when defendant was confined in Illinois.

Turning now to the facts in the present case, we find that the defendant was arraigned before the chief justice on September 22. He advised the court that he had no attorney and had no money with which to hire a lawyer and the chief justice appointed the public defender to represent him. The defendant told the chief justice that he wanted a lawyer from the Bar Association, and the chief justice told him to take that up with the judge to whom the case was assigned. The case was assigned to another judge and when the defendant appeared before that judge on the same day there was some discussion as to when the four-months period commenced to run. The assistant State's Attorney stated that in his opinion the period commenced to run on July 28. The public defender replied that he thought the prosecutor was correct, but that he was going to take the position that the time commenced to run when the defendant was arrested in Mississippi. The case was then continued by order of the court until September 28, which was within four months from the date of the arrest in Mississippi. During the entire course of the proceedings on September 22 before the trial judge, the defendant never requested that the court appoint a Bar Association attorney.

On September 28 the defendant told the judge that he wanted an attorney from the Bar Association. The judge told him that he would be glad to appoint a Bar Association attorney, but cautioned the defendant that if new counsel

was appointed a continuance would be necessary to enable the new attorney to become familiar with the case. The judge advised the defendant that this continuance would have to be on the defendant's own motion, since he was the one who would be responsible for the delay. The judge repeatedly advised the defendant of his rights under the four-months statute and told him several times that if the defendant's request for new counsel was granted, the defendant could not thereafter contend that he was not brought to trial within four months. The defendant repeatedly replied that he understood the judge's warning. The case was then continued on the defendant's motion to October 16. It appeared at that time that the defendant had not yet been contacted by a Bar Association attorney and the court continued the case until October 30. A Bar Association attorney entered his appearance on October 30 and the case was continued until December 7 for trial. When the case was called for trial on that date, defendant's counsel stated that he had not completed his investigation and also advised the judge that he wanted to talk with the State's Attorney about disposing of the case without trial. The court then continued the matter until December 23. On that date the defendant told the court that he was not satisfied with the services of the Bar Association attorney. The court permitted the Bar Association attorney to withdraw and, at defendant's request, again appointed the public defender to represent the defendant and continued the case until February 8 on the defendant's motion. The public defender requested a Behavior Clinic examination and the case was continued on the defendant's motion until the examination was conducted. The results of the examination showed that a sanity hearing was not necessary and the case was continued by order of the court until April 4. On that date it was again continued by order of court until May 2 at which time the defendant was tried and convicted.

It is apparent from the facts set forth above that all of

the continuances from September 28 until February 8 were occasioned by the defendant's requests for different counsel, or were granted at the request of defendant's counsel. It is well established that where a defendant requests or agrees to a continuance, the four-months period commences to run from the date to which the case is continued. (*People* v. *Niemoth*, 409 Ill. 111.) The four months had not expired on September 28, when the first continuance was granted. After the many continuances, the four-months period again commenced to run on February 8, and since the defendant was tried within four months from that date he was not entitled to discharge under the four-months statute.

The only other contention advanced by the defendant is that the prosecutor's argument to the jury was based on facts which were not established by the evidence. Specifically, the defendant complains of a statement made by the prosecutor that a person could not move a step with a bullet in his spinal canal. Defendant contends that since there was no medical evidence to substantiate this argument, the prosecutor should not have been permitted to make this argument. We are of the opinion that this argument was a legitimate inference and conclusion from the evidence and as such was admissible. (*People* v. *Potts,* 403 Ill. 398, 404.) The defendant also complains about a statement by the prosecutor that the jury could be sure that if any of the State's witnesses told a different story in court than they had told earlier, the defendant's attorney would have read their earlier statements to the jury. The defendant contends that this argument was improper, since there was no evidence in the record pertaining to any prior written statements made by any of the witnesses. The record shows that in his final argument the defendant's counsel accused the State's witnesses of perjury, and argued that the State's witnesses had seventeen months to think up their lies with the guidance of the police. This argument by defendant's counsel was improper and the prosecutor had a right to re-

ply to it. One cannot provoke a reply to his own improper argument and then claim error. (*People* v. *Weisberg,* 396 Ill. 412.) The prosecutor's argument was a legitimate reply to the defendant's accusation that the police had been guilty of subornation of perjury, and defendant, having provoked this reply, is in no position to complain.

Our review of the record satisfies us that defendant was tried within the time prescribed by law and that he received a fair trial. The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*