Edwin Nowak, Plaintiff-Appellee, v. Robert W. Schrimpf, Donald F. Schrimpf, d/b/a Piasa Oil Company, Defendants-Appellants, and Fred Feazel, Defendant-Appellee.

Gen. No. 63–M–17.

Fourth District.

November 18, 1963.

Burroughs, Simson & Burroughs, of Edwardsville, and Emerson Baetz, of Alton, for appellants.

Listeman and Bandy, Brady, Donovan & Hatch, all of East St. Louis, for plaintiff-appellee.

SCHEINEMAN, J.

This is an appeal by defendants doing business as Piasa Oil Co., from a judgment of $10,000 entered on a jury verdict in favor of plaintiff against both defendants, Piasa Oil Co. and Fred Feazel. The latter defendant was named as an appellee herein but he has not appeared.

The case involves a three vehicle collision that occurred on February 23, 1957, about 3:30 a. m., on U. S. Highway 67 between Alton and East Alton, Illinois. The highway is a concrete road, 50 feet wide, consisting of 4 lanes, two for westbound traffic and two for eastbound. The pavement was wet and it was raining lightly. The posted speed limit was 45 m. p. h.

According to the plaintiff, he was driving a 1½ ton truck going west at about 35 m. p. h. in the outside, or northermost, westbound lane. Defendant Feazel, driving a Ford passenger car and also going west at about 40 or 45 m. p. h., passed plaintiff's truck, using the inside westbound lane. At this same time a petroleum tanker unit, consisting of a tractor and two tank trailers belonging to the defendants was coming from the opposite direction moving eastwardly in the eastbound portion of the highway. A collision first occurred between the Feazel car and the Piasa Oil Co. tanker after which the tanker veered over into the westbound traffic lanes and hit the plaintiff's truck.

The complaint charged the Piasa Oil Co. with the following acts of negligence: (a) Excessive speed. (b) Failure to keep a proper lookout. (c) Crossing over from the eastbound lanes to the westbound lanes. (d) Failure to have the truck equipped with proper lights. (e) Driving with obscured windshield. (f) Moving truck from one lane to another without giving a proper signal. (g) Failure to have truck under control so as to be able to stop it short of danger, and (h) in all respects driving the truck in a careless, negligent, and improper manner.

On motion, the court struck charges (d) and (e) on the basis that there was no evidence to support them. The same ruling would seem to have applied to the charge (a), excessive speed, since the evidence concerning the speed of defendant's truck was his own

testimony that his speed was about 25 m. p. h., and the testimony of the other defendant, Feazel, that defendant's speed was 40 to 45 m. p. h. This is all the evidence there was bearing on the subject of the speed of the truck.

The decisive question in this case is whether plaintiff's version of the accident at the trial constitutes a judicial admission which would defeat his claim against defendant Piasa Oil Co. The following is a summary of plaintiff's testimony:

He said that he was driving west toward Alton in the right hand lane of the four lane highway. That when he was 75 feet or 100 feet east of a tavern on the south side of the road, he noticed Feazel's car beside him going about 40 or 45 m. p. h.; that after it passed him it turned, like it was going into the tavern premises across the road; that it gradually went over into the inner eastbound lane, then in between the two eastbound lanes,—"I was watching him all the time wondering which way he was going to go next." Plaintiff also stated that he had seen the Piasa Oil Co. tanker coming east in the outermost eastbound lane, that it had its lights on, that its tires were splashing water on the south shoulder of the road, that just before the Feazel car hit the Piasa tanker the Piasa truck, "was taking off on the shoulder to the south side of the road," that after the collision the Piasa truck came across the highway and hit his truck on the left side.

Under further questioning the plaintiff repeated his story in substantially the same way, except that he mentioned prior to the impact the defendant's truck swerved to the left, but he added that the front part of the truck was still on the shoulder when the collision took place. He repeated that, prior to the collision, the Piasa truck had turned to the left, but he

added, "that it then went to the shoulder and the collision occurred, that after the collision the truck came over and hit his truck in the westbound lanes."

It will be observed that the plaintiff gave no statement indicating excessive speed on the part of the truck or failure to keep a proper lookout or that it was driving with an obscured windshield. And he further directly negatived any defect about the lights, as charged in the complaint, and he negatives any turn to the left by the truck into a westbound lane, until after the collision had occurred on the shoulder of the eastbound side of the pavement.

The plaintiff's story was corroborated in substantial part by other witnesses. The driver of the Piasa truck also said that the car hit him as he was trying to evade it to the right, that he was hit behind his left front wheel and the impact broke his air brake lines, jammed his throttle wide open, and put his steering gear out of commission so that he shot across the road and hit plaintiff's truck, that he had no control, no brakes, no steering, while just a short time previous to the collision he had tried his air brakes and they were working.

A witness standing at the tavern testified he saw the Feazel car come across the highway into the eastbound lanes and run into the Piasa truck. A tow truck driver and a police officer arriving on the scene found the Feazel car straddling the two eastbound lanes after the accident. Examination of the Piasa truck after the accident disclosed that the steering assembly was broken, the throttle bent and jammed open, and the brake line broken.

The only testimony contradicting any of this was that of Feazel who obviously tried to put the blame on the Piasa truck, asserting that it came across and hit his car when he was completely on the north side of the middle of the road.

It will be observed that the plaintiff's own testimony contradicts that of defendant Feazel in that plaintiff places the point of impact clear over to the farthest part of the eastbound lanes and partly on the shoulder, and twice he stated, "After the collision the Piasa truck came across the highway."

We note at another point in the examination of the plaintiff he was specifically asked the following question: "I thought just before the collision you said the truck was coming back toward the center line of the highway?" He answered: "Just before the collision he was in the center lane and then he went to the shoulder and right then they had the collision."

■ It is the law that a judicial admission by a party which contradicts his allegations defeats recovery. Huber v. Black and White Cab Co., 18 Ill App2d 186, 151 NE2d 641; Tennes v. Tennes, 320 Ill App 19, 50 NE2d 132; Miller v. Stevens, 63 SD 10, 256 NW 152.

The defense relies largely upon McCormack v. Haan, 20 Ill2d 75, 160 NE2d 239, which does not depart from the rules contained in our other citations, but does say that the whole testimony of the party must be evaluated and not just a part of it. The case involved a situation where the plaintiff on the stand admitted that the defendant had stopped before entering an intersection. The Supreme Court's view of the entire testimony was that the plaintiff's testimony had only conceded that the defendant stopped, but held that it was the duty of the defendant, even after the stopping, "to ascertain whether or not it was safe to enter the protected intersection, and if it was not reasonably safe to do so, he should have yielded the right of way to the oncoming vehicle."

■ In the case now before this court an evaluation of the total testimony of the plaintiff discloses that he is contending the defendant's truck, confront-

ed by a sudden emergency, was attempting to avoid a collision by swerving off onto the right shoulder, and that then the Feazel car struck it, and after this collision it came across the road into the westbound lanes. Taking this as the fact and noting the uncontradicted testimony that the truck was so disabled the driver had no possibility of managing it after the collision, the conclusion becomes inescapable that no case is made out against the defendant's truck. It affirmatively appears from plaintiff's own testimony that defendant committed no actionable fault upon which the plaintiff is entitled to predicate liability and the motion for directed verdict should have been granted. Accordingly, the judgment is reversed.

Judgment reversed.

CULBERTSON, P. J. and HOFFMAN, J., concur.