MERLE HARP, Plaintiff-Appellee, *v.* ILLINOIS CENTRAL GULF RAILROAD COMPANY, Defendant-Appellant.

Fifth District   No. 76-393

Opinion filed November 28, 1977.

JONES, J., dissenting.

Robert W. Wilson, of Burroughs, Simpson, Wilson, Hepler and Broom, of Edwardsville, for appellant.

Rex Carr, of Cohn, Carr, Korein, Kunin and Brennan, of East St. Louis, for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant, Illinois Central Gulf Railroad Company, appeals from a judgment entered on a jury verdict in a case brought under the Federal Employers' Liability Act (FELA) (45 USCA §51), assigning as error the court's denial of the post-trial motion, which prayed for judgment notwithstanding the verdict, and in the alternative a new trial.

Plaintiff Merle Harp alleged injury to his back in the course of his employment as a brakeman. He testified that the injury occurred on July 21, 1971, when he alighted from a moving train to perform a switching operation in the Ridgley yard. According to Harp, although the ballast looked secure before he jumped, it was actually loose and unpacked. He lost his balance, threw himself away from the engine to avoid injury, and felt a snap in his lower back resulting in the injuries upon which this suit was brought.

Harp also testified that the maintenance-of-way crew had been replacing old ties in the area where he was injured. The crew would dig the ballast away from the ties, pull the spikes, remove the old ties from under the rail and install new ties. The ballast would remain loose and unpacked until a machine was brought in to elevate and tamp it. Plaintiff testified that old ties had been spread along the opposite side of the track, as they would be if the work had been done in that area. He testified that the old ties, weeds and poison ivy alongside the tracks forced him to drop off the train at the place he was injured.

H. E. Kirgan, a member of plaintiff's crew, testified for the defendant. He testified that he did not see ties or piles of ballast in the area where plaintiff alighted from the train. John Prendle, a conductor on the train where plaintiff performed his duties as brakeman, also testified for the defense. He did not notice any unusual condition of the tracks or ballast in the area where plaintiff was injured.

Michael Brangenberg who was head brakeman on the train at the time of plaintiff's injury, testified in rebuttal. He testified that ties were being replaced in the area and that the work had begun a month previously. Brangenberg also asserted that ballast which is actually loose and unpacked will appear secure when viewed from the position of the plaintiff.

Richard Rhoads, a brakeman and legislative representative for the union, also testified in rebuttal. According to Rhoads, he had complained to the management about the condition of the roadbed in the area of the injury prior to the time of plaintiff's injury. Ties and ballast were being replaced in the area for some time prior to July 21, 1971, and the

complaints centered on the presence of old ties and weeds in the Ridgley yard.

Appellant first contends the trial court erred in failing to direct a verdict where plaintiff failed to adduce substantial evidence of defendant's knowledge of the dangerous condition of the ballast.

■■■ In cases under the FELA, Federal decisional law controls in determining whether the case warrants submission to the jury. *Vandaveer v. Norfolk & Western Ry. Co.*, 78 Ill. App. 2d 186, 222 N.E.2d 897.

"Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also within reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence. Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death." *Rogers v. Missouri Pacific R.R. Co.*, 352 U.S. 500, 506-07, 1 L. Ed. 2d 493, 499, 77 S. Ct. 443, *rehearing denied*, 353 U.S. 943, 1 L. Ed. 2d 764, 77 S. Ct. 808.

■■ The evidence and inferences properly flowing from the evidence must be interpreted in the light most favorable to the plaintiff (*Wilkerson v. McCarthy*, 336 U.S. 53, 93 L. Ed. 497, 96 S. Ct. 413; *Steele v. Louisville & Nashville R. Co.*, 506 F. 2d 315, (6th Cir. 1974)), and entirely circumstantial evidence from which an inference of negligence may be properly drawn is sufficient to establish liability if fair minded jurors could differ as to whether the employer's negligence played any part in the injury. *Rogers v. Missouri Pacific R. Co.*, 352 U.S. 500, 508-10, 1 L. Ed. 2d 493, 500-02, 77 S. Ct. 443, 449-51.

■■ It is true, as the appellant notes, that no liability can be assessed where no evidence of defendant's knowledge of the existence of a dangerous condition is presented. (*Lilly v. Grand Trunk Western R.R. Co.*, 312 Ill. App. 73, 37 N.E.2d 888.) In this case, however, the plaintiff's cause of action is based on the failure of the appellant to provide a safe place to work. The gravamen of the case is the failure of the appellant to tamp the ballast after replacing the old railroad tie. This allegation of active negligence on the part of the appellant, if supported by the evidence is sufficient to establish liability without a showing of actual or constructive knowledge of the condition, since the condition was created by the defendant.

The evidence in FELA cases is viewed with great liberality. (*Gallick v. Baltimore & Ohio R.R. Co.*, 372 U.S. 108, 9 L. Ed. 2d 618, 83 S. Ct. 659.)

While plaintiff did not directly prove the ballast upon which he stepped was not properly tamped, the evidence adduced is sufficient to support such an inference. Plaintiff testified that the ballast was loose and unpacked. He also testified that the maintenance-of-way crew had been replacing ties in the yard during the previous month and had not tamped the ballast immediately after replacing the ties. The continuing replacement of the old ties was corroborated by the witnesses Brangenberg and Rhoads. Both testified that old ties were lying in the weeds in the area of the injury. Although the testimony was contradicted by defense witnesses, the evidence was clearly sufficient to support an inference of negligence, and the resolution of the uncontroverted facts was properly for the jury. *Tennant v. Peoria & Pekin Union Ry. Co.*, 321 U.S. 29, 88 L. Ed. 520, 64 S. Ct. 409; *Vandaveer v. Norfolk & Western Ry. Co.*, 78 Ill. App. 2d 186, 222 N.E.2d 897.

■■ In urging trial court error in failing to direct a verdict, appellant also claims that judicial admissions by the plaintiff clearly contradict his allegation of negligence and should preclude his recovery. (*Nowak v. Schrimpf*, 44 Ill. App. 2d 309, 194 N.E.2d 547.) Appellant claims the statement of plaintiff that the ballast looked secure contradicts his allegation of negligence. This contention is wrong. Plaintiff's failure to observe the true condition of the ballast is not an admission that the ballast was properly packed. Plaintiff later testified that the ballast was in fact loose and gave way under his weight. Clearly plaintiff's belief that the ballast was secure before he dropped off the train is not an admission that it was in fact secure.

Appellant also alleges error in the trial court's giving of an instruction on assumption of the risk. The defense of assumption of the risk was eliminated as a defense in FELA actions as a result of the Congressional amendment in 1939 (45 U.S.C.A. 54). The given instruction, plaintiff's number 14, IPI Civil No. 160.09, was as follows:

"At the time of the occurrence there was in force a Federal statute which provided that in any action brought against a railroad to recover damages for injury an employee, the employee shall not be held to have assumed the risks of his employment in any case where the injury resulted in whole or in part from the negligence of any of the officers, agents or employees of the railroad."

■■ An assumption of the risk instruction is properly given when, by the pleadings or evidence, the issue of assumption of the risk is expressly or implicitly before the jury. Where there is any evidence, including that adduced on cross-examination, from which it could be inferred that the employee had assumed the risk, the instruction is properly given. (*Vandaveer v. Norfolk & Western Ry. Co.*, 78 Ill. App. 2d 186, 205, 222

N.E.2d 897, 906.) Here, the cross-examination emphasized plaintiff's years as a brakeman, his familiarity with the dropping off maneuver, and his knowledge of the condition of the Ridgley yard. Under these circumstances, the jury could reasonably infer that the plaintiff had assumed the risk, and the cautionary instruction was properly given.

Appellant next contends the trial court erred in admitting testimony by Dr. Robert Lam, a neurologist, as to the possible future consequences of the injury suffered by the plaintiff. Dr. Lam testified:

> "The existence of a bulging disc makes it more vulnerable to trauma. In other words, the further weight or stress upon a bulging disc which already had weakened ligaments about it could result in the open rupture of the disc substance, in this case the nucleus pulposus, and with a ruptured disc you have a completely different problem."

■■■ As a general rule, possible future damages are not compensable unless they are reasonably certain to occur. (*Lauth v. Chicago Union Traction Co.*, 244 Ill. 244, 251, 91 N.E. 431, 434; *Stevens v. Illinois Central R.R. Co.*, 306 Ill. 370, 377, 137 N.E. 859, 863.) The erroneous admission of such testimony is reversible error, as it is impossible to determine to what extent the jury relied upon the testimony in its assessment of the damages. (*Lauth v. Chicago Union Traction Co.*, 244 Ill. 244, 253.) As the trauma which would result in the rupture of the disc is not reasonably certain to occur, the plaintiff is not allowed to recover damages based upon speculation that the disc might rupture in the future.

As we interpret the testimony, however, the physician testified that a rupture of the disc is reasonably certain to occur if sufficient force or trauma is exerted upon it. Thus plaintiff is required to bear the risk of the occurrence of the force and to avoid those activities which could result in trauma or force upon the disc. This, we believe, is properly compensable.

■■■ Pain and suffering and impairment of the ability to labor are proper elements of damage in a personal injury suit. (*Haizen v. Yellow Cab Co.*, 41 Ill. App. 2d 330, 335, 190 N.E.2d 514, 516; *Chicago & Milwaukee Electric Ry. Co. v. Ullrich*, 213 Ill. 170, 172, 72 N.E. 815, 816.) Under the FELA, pain and suffering, including the inability to engage in normal pursuits and pleasures, and the impairment of earning capacity are compensable elements of damage. (*Grunenthal v. Long Island R.R. Co.*, 388 F.2d 480, 484 (2d Cir. 1968), *rev'd on other grounds*, 393 U.S. 156, 21 L. Ed. 2d 309, 89 S. Ct. 331; *Chesapeake & Ohio Ry. Co. v. Carnahan*, 241 U.S. 241, 60 L. Ed. 979, 36 S. Ct. 594.) This view finds support in Illinois in the case of *Donnelly v. Chicago City Ry. Co.*, 235 Ill. 35, 85 N.E. 233, where medical evidence of predisposition to injury caused by the action of the defendant was held properly admissible. Accordingly, the

risk of injury is properly compensable as comprising part of the pain and suffering recovery, and can be considered in its effect on the earning capacity of the plaintiff. No error was committed in admitting the testimony.

■■ Appellant next contends the trial court erred in admitting the testimony of the witnesses Brangenberg and Rhoads in rebuttal. Appellant next argues that the testimony of the witnesses cannot properly be considered as rebuttal evidence. Rebuttal evidence is that which explains, repels, contradicts or disproves evidence introduced by the defendant. (*Rodriguez v. City of Chicago*, 21 Ill. App. 3d 623, 625, 316 N.E.2d 88, 90.) The allowance of evidence in rebuttal, however, is within the discretion of the trial court even where the evidence is more properly presented in the plaintiff's case in chief. (*Rodriguez v. City of Chicago; Pepe v. Caputo*, 408 Ill. 321, 328, 97 N.E.2d 260, 264.) Where, as here, the appellant does not claim an abuse of discretion, the claim of error in the admission of evidence more properly presented in the case in chief will not be considered. *Department of Public Works & Buildings v. Chicago Title & Trust Co.*, 408 Ill. 41, 53, 95 N.E.2d 903, 909.

■■ Appellant finally contends the trial court erred in admitting an accident report filed by the plaintiff. Appellant contends the report was prejudicial and inflammatory. As a copy of the report has not been included in the record on appeal, it is difficult to evalute this contention. After the initial objection was sustained, the report was admitted for the limited purpose of establishing that a report was in fact filed. Under these circumstances we find no reversible error in the admission of the report.

For the foregoing reasons the judgment of the circuit court of Madison County is affirmed.

Affirmed.

KARNS, J., concurs.

Mr. JUSTICE JONES, dissenting:

In my opinion the trial court committed prejudicial error requiring reversal when, over strenuous objection by defendant, the trial court gave Plaintiff's Instruction 14 regarding nonassumption of the risk by plaintiff. Accordingly, I respectfully dissent.

The issue of assumption of risk was not invoked in the trial by either the pleadings or the evidence. Where the evidence of defendant's negligence is narrow and poses a close question of fact, as I believe is the case here, the instruction could well have the effect of swaying the jury's conclusion regarding defendant's liability.

The majority state that the giving of the instruction was justified by defendant's cross-examination of plaintiff which brought out plaintiff's

years as a brakeman, his familiarity with the dropping off maneuver and his knowledge of the condition of the yard. This evidence was properly adduced in regard to defendant's negligence as well as other facts of the case and cannot be ascribed solely to a "made up" issue of assumption of the risk, as the majority has done.

The majority cite as authority for the giving of the instruction the case of *Vandaveer v. Norfolk & Western Ry. Co.,* and admittedly that case does stand for the proposition assigned to it. However, the great weight of authority of the Federal courts holds to the contrary and it is their precedent that is controlling. (See *Casko v. Elgin, Joliet, & Eastern Ry. Co.,* 361 F.2d 748 (7th Cir. 1966); *Heater v. Chesapeake & Ohio Ry. Co.,* 497 F.2d 1243 (7th Cir. 1974), and cases cited; and *Dilley v. Chesapeake & Ohio Ry. Co.,* 327 F.2d 249 (6th Cir. 1964).) The majority correctly states elsewhere in its opinion that Federal decisional law controls in determining whether the case warrants submission to a jury, citing the *Vandaveer* case. However, it is also true that Federal decisional law controls the propriety of instructions in FELA cases. (*Dugas v. Kansas City Southern Ry. Lines,* 473 F.2d 821 (5th Cir. 1973).) This rule, and the Federal authorities cited above, the majority has chosen to ignore in passing over what I feel is error requiring reversal of this case for a new trial.