LUCIAN HAMMONDS, Plaintiff-Appellee, *v.* INLAND TUGS CO., Defendant-Appellant.

Fifth District   No. 78-338

Opinion filed August 21, 1979.—Rehearing denied September 19, 1979.

JONES, P. J., specially concurring.

Walker & Williams, of Belleville, and Fritz G. Faerber, of Alton (Lucas & Murphy, of St. Louis, Missouri, of counsel), for appellant.

Jerome J. Schlichter and David J. Letvin, both of Cohn, Carr, Korein, Kunin, Schlichter and Brennan, of East St. Louis, for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant, Inland Tugs Company, appeals from a judgment entered on a jury verdict in a case brought under the Jones Act (46 USC §688 (1976)) and general maritime law.

Plaintiff's complaint alleged that on June 16, 1975, while employed as a deckhand on the M/V Frank Rader, owned by defendant, he suffered injuries to his shoulder, hip and back as the result of a fall. Plaintiff was attempting to lay scissor wires (cables) between the barges, which were being towed by the M/V Frank Rader. While attempting to tighten the scissor wires with a ratchet, a "dog" (a mechanism which engages the gears) slipped from the ratchet and plaintiff fell forward.

There was testimony that the "dog" would not have slipped but for the fact that the ratchet was worn and that defendant improperly failed to inspect such hardware for excessive wear. However, plaintiff himself testified that he thought the ratchet was working all right prior to the incident.

Plaintiff remained on the ship for approximately one month prior to departing for medical attention. He departed the ship at Cairo, Illinois, and subsequently returned to his home in Paducah, Kentucky, where he obtained additional medical care. Plaintiff also spent time in two Paducah hospitals as well as the United States Public Health Service hospitals in New Orleans and Baltimore.

Defendant first contends that the trial court erred in giving plaintiff's instruction No. 16, a modified version of Illinois Pattern Jury Instructions, Civil, No. 160.09 (2d ed. 1971) (hereinafter cited as IPI Civil), which reads as follows:

"At the time of the occurrence there was in force a Federal statute which provided that in any action brought against a barge line to recover damages for injury to an employee, the employee shall not be held to have assumed the risk of his employment in any case where the injury resulted in whole or in part from the negligence of any of the officers, agents or employees of the barge line or from the unseaworthiness of its vessel or appurtenances."

Defendant alleges that there was no evidence in the record from which a jury could infer that plaintiff had assumed the risk of injury in his occupation. Therefore, defendant argues that the giving of this instruction inserted a false and erroneous issue in this cause entitling defendant to a new trial. This objection to this instruction was not made at the instruction

conference and is therefore waived. Illinois Supreme Court Rule 239(b) mandates that the grounds for objections to instructions be particularly specified at the instruction conference. (Ill. Rev. Stat. 1979, ch. 110A, par. 239; *Delany v. Badame* (1971), 49 Ill. 2d 168, 274 N.E.2d 353.) Then too, the defendant adduced evidence on ' cross-examination concerning plaintiff's experience on barges and his knowledge of the procedure for tying the barges together at the timberhead as well as the use of ratchets to tighten the scissor wires. Under these circumstances this instruction was properly given. *Harp v. Ill. Central Gulf Railroad Co.* (1977), 55 Ill. App. 3d 822, 370 N.E.2d 826; *Vandaveer v. Norfolk & Western Ry. Co.* (1966), 78 Ill. App. 2d 186, 222 N.E.2d 897.

■■ Appellant next contends that the trial court erred in granting appellee's motion in limine and its striking portions of the deposition testimony of Dr. Octavio Cardona, one of the appellant's expert witnesses. These arguments revolve around testimony concerning an alleged stab wound to the plaintiff some seven years previous to Dr. Cardona's examination of plaintiff and a positive medical test (EMG) which evidenced its presence. The trial court ruled such matter irrelevant to the present cause and excluded it because of its potential to prejudice the jury. The question is whether this evidence was relevant to this cause. Evidence is relevant if it tends to prove a fact in controversy or renders a matter at issue more or less probable. (*Wimberley v. Material Service Corp.* (1973), 12 Ill. App. 3d 1051, 299 N.E.2d 425.) The trial court excluded reference to the evidence and that determination is clearly binding unless there was an abuse of discretion. Even appellant in its brief admits that this evidence has nothing to do with the present cause. Yet, appellee brought up the EMG in his hypothetical question to Dr. Shuter, and appellant, arguing that the evidence should have been admitted, achieved the same result by questioning Dr. Shuter on cross-examination about the positive EMG. Although the evidence was ruled inadmissible, both parties referred to it in their questioning and appellant was allowed the benefit of its use. Still, the jury returned a verdict against appellant, and it cannot now complain.

■ Appellant further contends that the trial court erred in giving plaintiff's instructions numbered 17 and 18 on damages. Appellant complained about certain elements during the instruction conference, but as appellee points out, appellant failed to raise these specific objections in its post-trial motion. Appellee, therefore, argues that appellant is precluded from raising these issues on appeal, and we agree.

The Supreme Court Rules on this matter are clear and binding. Supreme Court Rule 366 (b)(2)(iii) (Ill. Rev. Stat. 1979, ch. 110A, par. 366 (b)(2)(iii)) states:

"A party may not urge as error on review of the ruling on his post-trial motion any point, ground, or relief not *specified* in the motion." (Emphasis added.)

This is because the "post-trial motion must contain the points relied upon, particularly *specifying* the grounds in support thereof." (Emphasis added.) Civil Practice Act, section 68.1 (Ill. Rev. Stat. 1977, ch. 110, par. 68.1).

Defendant also contends that the trial court erred in giving plaintiff's instruction No. 19. It urges that the instruction contains multiple theories of recovery which are not supported by the evidence. The instruction charges the jury with both negligence and unseaworthiness.

"The ship owner's duty to provide a seaworthy vessel is absolute. It is a form of absolute duty owing to all within the range of its humanitarian policy. [Citation.] The duties imposed upon the ship owner by negligence concepts are far less onerous. There is no liability unless the owner has failed to exercise due care under all the circumstances. To the ship owner the difference between unseaworthiness and negligence is a difference between an absolute duty and due diligence. [Citation.]" (*Lunsford v. Halcyon Steamship Co.* (E.D. Pa. 1973), 354 F. Supp. 573, 576-77.)

We need not review in depth the elements of each concept and what evidence in this case went toward proving each. This case was pleaded under both the Jones Act and general maritime law. Both theories were properly before the jury.

Section 68(4) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 68(4)) provides that a verdict returned by the jury is not reversible if any one of numerous grounds of recovery are sufficient to sustain the verdict. The instruction given by the trial court is IPI Civil No. 20.01, modified to fit the allegations of this cause. And the notes on the use of this instruction allow such modifications and provide further that "additional innovations consistent with the pleadings should, of course, be used whenever required." (IPI Civil No. 20.01, Notes on Use, at 102.) Instruction 19 met these requirements and stated the issues concisely without characterization and undue emphasis. (*Signa v. Alluri* (1953), 351 Ill. App. 11, 113 N.E.2d 475.) Therefore, we find no error in giving of this instruction.

Finally appellant contends that plaintiff's attorney made improper arguments and comments during the trial to the extent that the jury was prejudiced and appellant was denied a fair trial. We partially agree with appellant. Plaintiff's attorney certainly abused his role during trial as an advocate by going beyond the limitation of reasonable comments on the evidence. However, we agree with appellee that defense counsel was guilty of the same abuse. We believe that this cause comes extremely

close to containing reversible error, but for the fact that both parties commented in retaliation to opposing counsel's remarks. *People v. Hayes* (1962), 23 Ill. 2d 527, 179 N.E.2d 660; *Clemons v. Alton & Southern R.R. Co.* (1977), 56 Ill. App. 3d 328, 370 N.E.2d 679.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

KARNS, J., concurs.

Mr. PRESIDING JUSTICE JONES, specially concurring:

I concur in the result reached in this case. The closing argument of plaintiff's attorney was egregious to the extent that it, without more, would justify a reversal of the judgment rendered for the plaintiff. However, reversal is not warranted for the reason that the defendant's attorney answered in kind in his own closing argument with invective and vituperation to an extent that forecloses defendant from the right to complain of the closing argument by plaintiff's counsel.