HARRY L. PRYOR, Plaintiff-Appellant, v. NATIONAL RAILROAD PASSENGER CORPORATION, Defendant-Appellee.

Fifth District    No. 5—97—0915

Opinion filed December 9, 1998.

Roger C. Denton and Steven L. Groves, both of Schlichter, Bogard & Denton, of Swansea, for appellant.

Theodore J. Williams, Jr., Andrew B. Mayfield, and Matthew Armstrong, all of Armstrong, Teasdale, Schlafly & Davis, of Belleville, for appellee.

JUSTICE MAAG delivered the opinion of the court:

This suit was filed on March 16, 1994, by the plaintiff, Harry Pryor, against his employer, the National Railroad Passenger Corporation (Amtrak) under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq.* (1981 Supp.). Pryor alleged that Amtrak was negligent and that this negligence caused him to develop carpal tunnel syndrome in the course of performing his duties as a locomotive engineer. In July 1997, a jury returned a verdict in favor of Amtrak. Pryor appeals.

Initially, we note that in the order and notice of appeal, a scrivener's error occurred and the words *Railroad* and *Passenger* were inadvertently transposed. We consider this to be of no consequence. The sole issue raised by Pryor is a claim that the circuit court erred in refusing his tendered burden of proof instruction (Illinois Pattern Jury Instructions, Civil, No. 160.03 (3d ed. 1995) (hereinafter IPI Civil 3d)) and further erred in giving instead Amtrak's tendered burden of proof instruction, which was a modified version of IPI Civil 3d No. 160.03.

## FACTS

Pryor is a 59-year-old locomotive engineer employed by Amtrak. He began working in the railroad industry in 1961 as a fireman. He was promoted to locomotive engineer in 1966.

In the early 1970s, he began "borrowing out" to Amtrak. From the early 1970s until 1987, Pryor worked about half the time as a locomotive engineer for Amtrak. The other half of his time was spent working for the Illinois Central Railroad in freight service. In 1987 Pryor was hired full time by Amtrak.

During the time Pryor has worked for Amtrak, he has operated the passenger train that travels between Chicago and St. Louis. He has mainly used the F-40 model locomotive. This locomotive has a control stand developed in the 1960s. The control stand is used by many railroads in this country. While the evidence was conflicting with respect to precisely what takes place on each trip, it was established that the Chicago-to-St. Louis trip takes approximately 5 to 5½ hours and during that time the controls are manipulated many times.

Pryor alleged that Amtrak was negligent in that it knew that carpal tunnel syndrome was a condition caused by repetitive movements. He also claimed that Amtrak knew that movements that are awkward or require some amount of force to perform are associated with the condition. Despite this knowledge, he alleged, Amtrak failed to take steps to prevent him from developing the condition.

Amtrak acknowledged that it possessed general information about carpal tunnel syndrome, but it denied that it had any knowledge that locomotive engineers were at risk, and it further denied that Pryor's employment caused him to develop the condition.

## ANALYSIS

Preliminarily we will discuss an issue that received substantial attention at trial. This issue concerned what Amtrak *knew*, *could* have known, or *should* have known about the relationship, if any, between carpal tunnel syndrome and the operation of a locomotive with controls similar to those used by Pryor.

■ The word *knew* is a common term. It is the past tense of the word *know* and is defined as follows: "To apprehend with clarity or certainty; *** to be cognizant or aware." American Heritage Dictionary 705 (2d ed. 1985). The word *could* is the past tense of *can* and is defined as: "used to indicate possibility or probability." American Heritage Dictionary 232 (2d ed. 1985). *Should* is the past tense of *shall* and means: "used to express probability or expectation." American Heritage Dictionary 1134 (2d ed. 1985).

■ These terms and their meaning are significant because the FELA is not a strict liability statute. Rather, negligence of the employer must be established to support any judgment. *Rogers v. Missouri Pacific R.R. Co.*, 352 U.S. 500, 506-07, 1 L. Ed. 2d 493, 499, 77 S. Ct. 443, 448-49 (1957). Moreover, "no liability can be assessed where no evidence of a dangerous condition is presented." *Harp v. Illinois Central Gulf R.R. Co.*, 55 Ill. App. 3d 822, 825, 370 N.E.2d 826, 828 (1977).

Where the employer's negligence is predicated on defective equipment or appliances, the proof must show that the "defect was *known*, or *should* or *could* have been known, by defendant, with opportunity to correct it." (Emphasis added.) *Miller v. Cincinnati, New Orleans & Texas Pacific Ry. Co.*, 317 F.2d 693, 695 (6th Cir. 1963); accord *Gallick v. Baltimore & Ohio R.R. Co.*, 372 U.S. 108, 9 L. Ed. 2d 618, 83 S. Ct. 659 (1963). While the foreseeability of harm is a matter for proof, this does not mean that the proof must be direct. Circumstantial evidence is sufficient.

■ Proof of actual knowledge of the dangerous condition is not required. The only showing that must be made is that the defendant could or should have known of the dangerous condition. *Miller*, 317 F.2d 693. Indeed, it appears that some courts interchangeably use the phrases "*could* have known" or "*should* have known" when discussing the foreseeability issue. See *Qualls v. St. Louis Southwestern Ry. Co.*, 799 S.W.2d 84, 87 (Mo. 1990); see also *Green v. River Terminal Ry. Co.*, 763 F.2d 805 (6th Cir. 1985). This tendency to use the words *could* or *should* interchangeably may result in vastly different outcomes, depending on the word chosen. What an employer could discover may be different from what it should discover.

With this background we will now address the specific issue raised in this appeal. Pryor and Amtrak both agree that reasonable foreseeability of harm is a matter to be proven in establishing whether the defendant in a FELA case was negligent. They disagree on the question of what instruction a jury should receive on this issue.

The two alternative instructions tendered by the parties stated as follows:

Pryor's tendered instruction

"The plaintiff has the burden of proving each of the following propositions:

First, that he was injured and sustained damages while he was engaged in the course of his employment by the railroad.

Second, that the railroad violated the Federal Employers' Liability Act in one of the ways claimed by the plaintiff as stated to you in these instructions.

Third, that the injury and damages to the plaintiff resulted, in whole or in part, from a violation of the Federal Employers' Liability Act.

If you find from your consideration of all the evidence that each of these propositions has been proved, then your verdict should be for the plaintiff.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved, then your verdict should be for the railroad."

Amtrak's tendered instruction

"The plaintiff has the burden of proving each of the following propositions:

First, that he was injured and sustained damage while he was engaged in the course of his employment by the railroad.

Second, that the railroad violated the Federal Employers' Liability Act in one of the ways claimed by the plaintiff as stated to you in these instructions.

*Third, conditions for work were not reasonably safe and defendant knew or by using ordinary care should have known of such conditions and that they were not reasonably safe,* and; [sic]

Fourth, that the injury and damage to the plaintiff resulted, in whole or in part, from a violation of the Federal Employers' Liability Act.

If you find from your consideration of all the evidence that each of these propositions has been proved, then your verdict should be for the plaintiff. If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved, then your verdict should be for the railroad." (Emphasis added.)

The instruction tendered by Pryor was IPI Civil 3d No. 160.03 unmodified. Amtrak objected to Pryor's instruction and tendered a modified version of the instruction. The Missouri Supreme Court case of *Qualls v. St. Louis Southwestern R.R. Co.*, 799 S.W.2d 84 (Mo. 1990), was relied upon as authority. Amtrak argued that the Illinois Pattern Jury Instruction failed to address the foreseeability/notice issue. The trial court agreed and gave Amtrak's instruction over Pryor's objection.

We note first that the instruction tendered by Amtrak did not even follow the law announced in *Qualls*. The *Qualls* decision modified the language of the Missouri Approved Instruction. In cases where such an instruction is appropriate, the court ordered the phrase *could have known* to be used instead of the phrase *should have known*. What a defendant could know is vastly different from what it should know. Could refers to possibilities. Should refers to probabilities. Nevertheless, Amtrak used *should* in its tendered instruction.

Pryor objected, arguing that Missouri's instructional format differed from Illinois'. He claimed that the foreseeability issue was already addressed in other instructions and to allow the proposed modification to IPI Civil 3d No. 160.03 would be repetitive, confusing, and prejudicial. The circuit court gave the Amtrak instruction over objection. In so doing, it abused its discretion and committed reversible error.

■ ■ Jury instructions should adequately, fully, and fairly inform the jury of the legal principles at issue. *Ciampi v. Odgen Chrysler Plymouth, Inc.*, 262 Ill. App. 3d 94, 634 N.E.2d 448 (1994). Where an IPI instruction adequately and correctly states a proposition of law, a non-IPI instruction should not be given. *Ellington v. Bilsel*, 255 Ill. App. 3d 233, 626 N.E.2d 386 (1993). An FELA case tried in state court is controlled by federal substantive law (*Laird v. Illinois Central Gulf R.R. Co.*, 208 Ill. App. 3d 51, 566 N.E.2d 944 (1991)) and state procedural law. *Wilson v. Consolidated R. Corp.*, 875 S.W.2d 178 (Mo. App. 1994). While the substantive law contained in jury instructions in a FELA case is federal and should not vary whether the case is tried in state or federal court, the instructional format is procedural and is a matter for the state to regulate.

■ The circuit court erred in three distinct ways in this case. First, it gave an instruction, apparently on the basis of the *Qualls* case, that did not even track the language of the instruction mandated in *Qualls* (could versus should).

Second, the circuit court failed to take into account that the foreseeability issue is dealt with differently in the Illinois instructional format than it is in Missouri. Under our instructional format, foreseeability is addressed by the definition of negligence (IPI Civil 3d No. 10.01) and the definition of ordinary care (IPI Civil 3d No. 10.02). This is not merely our interpretation. It is the interpretation of our supreme court. *Ziarko v. Soo Line R.R. Co.*, 161 Ill. 2d 267, 272, 641 N.E.2d 402, 405 (1994).

Third, in giving the instruction tendered by Amtrak, the court overly emphasized the concept of actual and constructive knowledge in the context of foreseeability. The instruction was repetitive and prejudicial. Trying to place a Missouri gloss on the Illinois instructional format was inherently incompatible.

A new trial is appropriate based upon instructional error when the error resulted from "an abuse of discretion and caused serious prejudice to the complaining party." *Reed v. Wal-Mart Stores, Inc.*, 298 Ill. App. 3d 712, 715, 700 N.E.2d 212, 214 (1998).

We believe that in the case at bar the circuit court abused its discretion and as a result Pryor suffered serious prejudice.

634

For the foregoing reasons, the judgment entered in favor of Amtrak is reversed, and the case is remanded for a new trial.

Judgment reversed; cause remanded.

KUEHN and HOPKINS, JJ., concur.